SUSAN T. MILLSTEIN, INDIVIDUALLY AND BY HER GUARDIAN AD LITEM, FLORENCE MUNTER, PLAINTIFF, v. DAVID MILLSTEIN, DEFENDANT.

Superior Court of New Jersey
Chancery Division Bergen County
Family Part

Decided December 4, 1985.

*Ben J. Slavitt* for plaintiff. (*Slavitt, Fish & Cowen* attorneys).

*Jeffrey Weinstein* for defendant. (*Gern, Dunetz, Davison, Borteck and Weinstein,* attorneys).

SORKOW, P.J.F.P.

The issue presented to the Court by motion is whether the differential between an "insider" purchase price and the market value of an apartment about to be converted to a co-operative is an asset includable in the marital estate.

The parties stipulate the relevant facts. They married in 1971. Five years later, plaintiff was medically diagnosed as having a malignant brain tumor that required surgery, radiation, chemotherapy and large daily doses of medication. Plaintiff is significantly disabled according to her physician. The subject apartment is located in a luxury highrise atop the Palisades in Fort Lee, New Jersey. The lease to the unit was in the name of the defendant only. The defendant left the subject premises in approximately January 1983. Before the filing of the complaint for divorce in August 1984, the parties acknowledged to each other that the apartment house would be converted shortly and that the plaintiff should have the lease in her name to allow her to obtain protected tenant status as a result of her disability. *See N.J.S.A.* 2A:18–61.22 *et seq.* The defendant renewed the current lease with plaintiff as the named

tenant, and she has obtained the statutory protected tenant status. In July 1985, the ownership of the apartment house filed its offering and conversion plan. In anticipation, the parties had previously agreed via counsel that the issue presented here would be reserved for judicial determination, notwithstanding that the plaintiff is the sole-named tenant in occupancy at the time of the offering and a fortiori entitled to the gain in value.

That the parties agreed to do whatever was required to gain protected tenant status was their mutual contract and it governed their relationship with the landlord. It also gave rise to certain rights. If defendant had remained the named tenant, he would have the right to purchase the apartment. Since plaintiff by agreement is the tenant, she has the right to purchase the apartment or remain in occupancy as a protected tenant.

In today's real estate economy, this right of purchase at an insider's cost is a valuable intangible chose, and thus the issue restated is whether the incremental value of the apartment, if and when sold, is an asset includable in the marital estate for purposes of equitable distribution.

It is by now hornbook law that to be includable the asset must be legally and beneficially acquired during coverture. *N.J.S.A.* 2A:34–23. It is argued by plaintiff wife that the asset was acquired after the complaint was filed; hence, cannot be included. *Painter v. Painter*, 65 *N.J.* 196 (1974). (For clarity, the sequence of events was: lease renewal—July 1984; complaint filed—August 1984 and conversion offering—July 1985). The chose, plaintiff wife argues, did not arise until almost one year after the complaint was filed.

Initially, this court holds that such a price differential is a measurable and valuable intangible chose. Conversion insiders selling their "right to convert" can realize large profits. Even if they do not sell, their retained apartment has a market value greater than the initial offering price.

The next inquiry is whether this chose is includable in the marital estate? The answer is yes.

When the lease was renewed and the plaintiff became the tenant, both parties recognized they were dealing with a valuable asset. They specifically reserved to each other the right to present the issue in court. Furthermore, the defendant, as the initial tenant, knew of the impending conversion and that it would enhance the value of the apartment. He saw to it that this right was reserved to him prior to letting plaintiff wife renew the lease in her name. He effectively assigned to plaintiff the right to benefit from the conversion but reserved to himself the right to share in the usufruct of this marital asset if plaintiff exercised her right to sell or assign the property.

Whether it is ever exercised and the intangible chose ever realized is not for this moment. The fact is, as concluded by this court, that prior to a complaint for divorce being filed, the parties acknowledged to each other that the conversion would create a valuable asset and each preserved his right to deal with or share in it. Defendant had such a right pre-complaint and assigned it with reservation to plaintiff pre-complaint. That their anticipation was realized is mutually fortuitous and further served to identify the asset. That the realization was post-complaint will not affect its inclusion in the marital estate for here both parties acted as if the asset were already in being prior to filing the complaint for divorce. They cannot benefit with the asset as between themselves and the landlord and then as between themselves alone deny the existence of the asset. It is, therefore, includable for purposes of equitable distribution. Its value needs to be determined. The Court will appoint an expert to do so.

Counsel for plaintiff will submit an order in accordance with the foregoing.